UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GS HOLISTIC LLC,

        Plaintiff,

   v.                                                      Case No. 23-cv-0702-bhl

KRJ ENTERPRISES LLC and KHALEEL RAMADAN,

        Defendants.

## ORDER

Defendants KRJ Enterprises LLC d/b/a Puff N Up (KRJ) and Khaleel Ramadan have not appeared or responded to the complaint in this trademark infringement case. As a result, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a). Then, on October 25, 2023, Plaintiff GS Holistic LLC (GS Holistic) moved for default judgment under Fed. R. Civ. P. 55(b)(2). (ECF No. 11.) Because GS Holistic has established that it is entitled to a default judgment, the Court will grant its motion. GS Holistic's request for relief is overbroad, however, and the Court will therefore order only a portion of the relief requested.

**FACTUAL BACKGROUND**[1]

GS Holistic markets and sells glass infusers and related accessories throughout the United States using the "Stündenglass" brand. (ECF No. 1 ¶¶7, 12.) It has registered three trademarks associated with the brand: (1) U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011; (2) U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in registration in international class 034; and (3) U.S. Trademark Registration Number 6,174,291 for the standard

---

[1] These facts are derived from GS Holistic's complaint, (ECF No. 1), which the Court deems admitted due to Defendants' defaults. Fed. R. Civ. P. 8(b)(6); *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) ("When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages.")

character mark "Stündenglass" in association with goods further identified in registration in international class 034. (*Id.* ¶10.) Stündenglass infusers retail for $599.95, which GS Holistic contends is at the top of the relevant market due to the "recognized quality and innovation associated with the Stündenglass Marks." (*Id.* ¶20.)

Unfortunately, the high price of Stündenglass products appears to have made them a ready target for counterfeiters. GS Holistic alleges that the U.S. market is "saturated with counterfeit Stündenglass products," forcing it to "bear great expense to seek out and investigate suspected counterfeiters." (*Id.* ¶23.) This investigation led GS to KRJ and Ramadan, the store's owner. (*See id.*) On December 27, 2022, a GS Holistic investigator visited KRJ's location in Milwaukee, Wisconsin and observed a glass infuser for sale bearing the Stündenglass marks. (*Id.* ¶¶ 5, 29.) The investigator bought the infuser for $316.50, which GS Holistic determined to be counterfeit. (*Id.*) Defendant Ramadan, as KRJ's owner, "authorized, directed, and/or participated in [KRJ's] offer for sale" of these counterfeit goods. (*Id.* ¶30.)

## LEGAL STANDARD

"A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (quoting *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602) (7th Cir. 2007)). "Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Id.* (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)).

## ANALYSIS

GS Holistic alleges that KRJ and Ramadan violated the Lanham Act by engaging in (1) trademark counterfeiting and infringement under 15 U.S.C. § 1114; and (2) false designation of origin and unfair competition under 15 U.S.C. § 1125(a). (ECF No. 1 ¶¶51–68.) The record includes proof that Defendants were properly served. (*See* ECF Nos. 5, 8.) Defendants have defaulted by failing to answer or otherwise respond to the complaint. Accordingly, the Clerk entered default. Fed. R. Civ. P. 55(a). Thereafter, GS Holistic filed a motion for default judgment and requested statutory damages of $150,000, costs of $878.50, and injunctive relief. Defendants have not responded to GS Holistic's motion.

Accepting GS Holistic's well-pleaded allegations as true, the Court concludes that Defendants are liable on each of GS Holistic's claims and that damages and injunctive relief are

warranted. But the Court does not accept GS Holistic's proposed request for relief. As a start, the amount of statutory damages requested is excessive. Additionally, GS Holistic has impermissibly included investigative expenses in its request for costs. The Court will therefore grant GS Holistic's request for default judgment but award lesser relief, consisting of statutory damages of $10,000 and costs of $497. The Court will grant GS Holistic's request for injunctive relief.

### I. GS Holistic's Well-Pleaded Allegations Establish the Defendants' Liability

Upon default, the Court accepts the well-pleaded factual allegations in the complaint as true. *Wehrs*, 688 F.3d at 892. But the Court does not then simply award plaintiff whatever relief it requests. Rather, the Court is required to examine whether the allegations establish the defendants' liability on the legal claims contained in the complaint. *See* 10A Fed. Prac. & Proc. Civ. § 2688.1 (4th ed.); *GS Holistic, LLC v. S&S 2021 LLC*, Case No. 23-CV-697-JPS, 2023 WL 8238980, at *3 (E.D. Wis. Nov. 28, 2023).

GS Holistic claims that Defendants violated Sections 1114 and 1125(a) of the Lanham Act by selling counterfeit Stündenglass products bearing GS Holistic's registered marks. Section 1114 prohibits the use in commerce, without the consent of the trademark holder, of "any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). Similarly, Section 1125(a) prohibits the use in commerce of "any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion . . . ." 15 U.S.C. § 1125(a)(1)(A).

"To prevail on either type of claim, a plaintiff must be able to show (1) that its mark is protectable, and (2) that the defendant's use of the mark is likely to cause confusion among consumers." *Phoenix Ent. Partners, LLC v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016) (citing *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 673–74 (7th Cir. 2001)). "To decide if there is a likelihood of confusion, [courts] ask whether consumers who might use either product would likely attribute them to a single source." *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 425 (7th Cir. 2019). The Seventh Circuit examines seven factors in making this decision: "(1) the similarity between the marks; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care consumers are likely to use; (5) the strength of plaintiff's mark; (6) actual

consumer confusion; and (7) the defendant's intent to 'palm off' its product as that of another." *Id.* (citing *Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015)). The similarity of the marks, the defendant's intent, and evidence of actual confusion are the most important factors, though no single factor is dispositive. *Sorensen*, 792 F.3d at 726.

GS Holistic has established that its marks are protectable. The three Stündenglass marks are registered with the U.S. Patent and Trademark Office and GS Holistic has engaged in continuous and extensive use of its trademarks since 2020 throughout the United States.[2] Registration is "prima facie evidence of the validity of the registered mark," 15 U.S.C. § 1115(a), and nothing in the record casts doubt on the validity of GS Holistic's Stündenglass marks.

GS Holistic has also established a likelihood of confusion. KRJ was selling "a Glass Infuser which displayed the Stündenglass Trademarks." (ECF No. 1 ¶29.) GS Holistic's investigator purchased the displayed infuser, which was determined to be counterfeit. (*Id.*) And Ramadan "authorized, directed, and/or participated" in KRJ's sale of the counterfeit products. (*Id.* ¶30.) Defendants were, therefore, selling essentially identical products (though of inferior quality) to GS Holistic, using marks "identical with, or substantially indistinguishable from," *see* 15 U.S.C. § 1116(d)(1)(B), its Stündenglass trademarks. This is sufficient to establish a likelihood of confusion. Judges in this district have reached the same conclusion in similar cases filed by GS Holistic. *See GS Holistic LLC v. Wellness by KRJ, LLC*, No. 23-cv-696-pp, 2023 WL 8283876, at *2 (E.D. Wis. Nov. 30, 2023); *GS Holistic, LLC v. MKE Vapor, Inc.*, No. 23-cv-750-jps, 2023 WL 8238953, at *4 (E.D. Wis. Nov. 28, 2023). And the Seventh Circuit has held, albeit in a nonprecedential opinion, that the sale of counterfeit goods bearing logos that closely resemble the plaintiff's marks is sufficient to establish a likelihood of confusion. *Microsoft Corp. v. Rechanik*, 249 F. App'x 476, 479 (7th Cir. 2007).

Because the Court finds that GS Holistic has established that its marks are protectable and because Defendants' use of its marks to sell counterfeit glass infusers is likely to cause confusion, KRJ and Ramadan are liable on both Lanham Act claims.

---

[2] GS Holistic also contends that its marks have become incontestable under 15 U.S.C. § 1065, which is "conclusive evidence" of their validity. (ECF No. 1 ¶10; ECF No. 15 at 6 (quoting 15 U.S.C. § 1115(b).) But a finding of incontestability under Section 1065 requires that the "registered mark has been in continuous use for five consecutive years subsequent to the date of such registration . . . ." GS Holistic's Stündenglass trademarks were registered in 2020 and 2022, (ECF No. 11-8), and the complaint indicates that GS Holistic has only used the Stündenglass brand in commerce since 2020. (ECF No. 1 ¶7.) Accordingly, the Stündenglass marks cannot be incontestable under Section 1065 because they have been neither registered nor used in commerce for five years.

## II. GS Holistic is Entitled to Statutory Damages of $10,000, Plus Costs and Injunctive Relief

GS Holistic requests statutory damages of $150,000, costs of $878.50, and injunctive relief. Each form of relief is authorized by the Lanham Act. But, as detailed below, the requested statutory damages are excessive and GS Holistic's request to be reimbursed for its investigative costs is not authorized by law. Accordingly, the Court will limit the monetary relief awarded to statutory damages of $10,000 and costs of $497. The Court will also grant the requested injunctive relief.

### A. Statutory Damages

The Lanham Act allows a plaintiff in a case involving use of a counterfeit mark to elect an award of statutory damages instead of actual damages or profits in the amount of "(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)

"The trial court's primary function is to make violations of the Lanham Act unprofitable to the infringing party." *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 744 (7th Cir. 1985). And the Court may exercise "a great deal of discretion . . . in fashioning a remedy for trademark infringement." *4SEMO.com Inc., v. S. Ill. Storm Shelters, Inc.*, 939 F.3d 905, 912 (7th Cir. 2019) (quoting *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 917 (Fed. Cir. 1984)). Factors the Court may consider include "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future [] infringement." *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991) (quoting *F.E.L. Publ'ns v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir. 1985)).[3] When infringement is willful, the Court may also design the statutory damages award to "penalize the infringer and to deter future violations." *Id.* at 1229–30.

GS Holistic requests statutory damages of $150,000, which is within the range contemplated by Section 1117(c), regardless of whether the defendants' infringement was willful. But GS Holistic also affirmatively alleges that the defendants acted willfully, warranting a higher

---

[3] *Chi-Boy* involves statutory damages for copyright infringement, but district courts in the Seventh Circuit often look to copyright cases for guidance on damages under the Lanham Act. *See, e.g.*, *MKE Vapor*, 2023 WL 8238953, at *6; *Coach, Inc. v. 3D Designers Inspirations*, 70 F. Supp. 3d 942, 947 (C.D. Ill. 2014); *Ent. One UK Ltd. v. 2012 Shiliang*, 384 F. Supp. 3d 941, 953 (N.D. Ill. 2019).

damages award. (ECF No. 15 at 9–10.) It points out that many courts treat default as sufficient to establish willfulness. (*Id.*) Willfulness aside, the amount GS Holistic requests is too high given the conduct alleged. There is no evidence that Defendants continued infringing activity despite repeated warnings, prior to suit. Nor is there any suggestion, let alone proof, that Defendants were producing or distributing counterfeit products on a significant scale. GS Holistic's lawsuit is predicated on a single sale of a counterfeit glass infuser to GS Holistic's investigator. The level of violation asserted does not equate with the damages requested.

  The Court is sensitive to the fact that Defendants' defaults make determining the actual damages from their infringement difficult. GS Holistic has had no opportunity to take discovery and, therefore, cannot know how many counterfeit products Defendants sold, how long their infringing behavior has gone on, or whether they continue to sell counterfeit Stündenglass products. The information GS Holistic has provided, however, does not support statutory damages of $150,000. In an affidavit, Christopher Folkerts, Chief Executive Officer of GS Holistic, avers that total sales for Stündenglass products were approximately $1.7 million in 2020 and $9.6 million in 2021. (ECF No. 14 ¶11.) He also avers that, "[t]hrough research," GS Holistic has determined that at least three in ten Stündenglass products sold are counterfeit. (*Id.* ¶12.) Folkerts then alleges, based on his "industry knowledge," that GS Holistic's 2021 sales would have been $38.4 million "if the market had not been impacted by the flood of inferior, mass-produced fake Stündenglass products." (*Id.*) Folkerts avers that the counterfeit item was sold by the defendants for $316.50, when the genuine Stündenglass infuser it imitated retails for $599.95. (ECF No. 13 ¶7.) And he generally alleges "lost consumer good-will, loss of brand reputation, confusion in the marketplace, and lost profits based on the systemic sale of fake Stündenglass products." (*Id.* ¶21.)

  Even accepting GS Holistic's research regarding the prevalence of counterfeit Stündenglass products as accurate, it is speculative to suggest that Defendants played a substantial role in any lost sales by GS Holistic. There is no indication that Defendants participated to the level alleged. Folkerts avers that GS Holistic has been "dealing with a massive amount of counterfeit products being sold throughout the United States, including in stores in the State of Wisconsin." (ECF No. 13 ¶3.) While this may be true, GS Holistic's allegations have not tied *these defendants* to a massive counterfeiting operation. They have tied them only to the sale of at least one counterfeit product. And they have not explained why the infringing activities of *these defendants* justify a $150,000 statutory damages award.

On these facts, the Court finds it appropriate to award statutory damages of $10,000. Defendants in this case are a single store and its owner. Their liability is predicated on the sale of a single counterfeit product. There is no evidence that Defendants were engaged in producing or distributing counterfeit Stündenglass products on any significant scale, little evidence beyond their default that their infringement was willful, and little in the record to suggest that their specific infringement (as opposed to the "systemic" infringement more generally alleged by GS Holistic) has significantly impacted GS Holistic. The $10,000 awarded is a significant penalty that is sufficient to make continued infringing activities unprofitable without representing an unearned windfall for GS Holistic. It is also sufficient to deter similarly situated parties from infringing the Stündenglass marks.

### B. Costs

The Lanham Act allows a plaintiff prevailing under Section 1125(a) to recover "costs of the action." 15 U.S.C. § 1117(a). GS Holistic requests costs of $878.50, including the $402 filing fee, $95 process service fee, and $381.50 for "investigation fees." (ECF No. 12 ¶6.) While the first two costs are clearly recoverable, GS Holistic has not cited any authority justifying recovery of the costs of its investigation under Section 1117(a). The Court has itself been unable to find such authority. *See GS Holistic, LLC v. Xtreme Smoke, LLC*, Case No. 23-cv-897-pp, 2023 WL 8283852, at *5 (E.D. Wis. Nov. 30, 2023) (declining to award investigative fees); *see also Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 217 (7th Cir. 1975) ("[E]xpenses incurred in making investigations . . . are not recoverable as costs."). The Court will, therefore, award costs of only $497.

### C. Injunctive Relief

The Lanham Act authorizes the Court to grant permanent injunctive relief in cases of trademark infringement "according to the principles of equity and upon such terms as the court may deem reasonable . . . ." 15 U.S.C. § 1116(a). A party seeking a permanent injunction must show (1) that it has suffered irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that a remedy in equity is warranted in light of the balance of hardships; and (4) that the public interest would not be harmed by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). A prevailing plaintiff in trademark infringement cases is afforded "a rebuttable presumption of irreparable harm." 15 U.S.C. § 1116(a).

GS Holistic requests that the Court enter the following permanent injunction:

(1) [Defendants] are prohibited to import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing advertising or promotion of the counterfeit Stündenglass product identified in the complaint and any other unauthorized Stündenglass product, counterfeit, copy or colorful imitation thereof.
(2) [Defendants] are prohibited from assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraph (1) above.
(3) [Defendants] must destroy all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the Stündenglass Marks.

(ECF No. 15 at 17.)

GS Holistic has established a trademark violation, so they are afforded a rebuttable presumption of irreparable injury. By virtue of their defaults, Defendants have not rebutted that presumption. Remedies at law are inadequate to compensate for GS Holistic's injury because its damages cannot be proved with any reasonable certainty and, absent an injunction, Defendants' infringing activities are likely to continue. The balance of hardships also favors GS Holistic and the public interest is served by an injunction prohibiting any further infringing behavior from the defendants. Accordingly, the Court will issue, by separate order, the requested permanent injunction against Defendants. *See MillerCoors LLC v. Anheuser-Busch Cos.*, 940 F.3d 922 (7th Cir. 2019); Fed. R. Civ. P. 65(d).

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that GS Holistic's motion for default judgment, ECF No. 11, is **GRANTED, in part,** and **DENIED, in part.** The Clerk of Court is directed to enter judgment in favor of Plaintiff GS Holistic and against Defendants KRJ Enterprises LLC and Khaleel Ramadan, jointly and severally, in the amount of $10,000 plus costs of $497.

**IT IS FURTHER ORDERED** that GS Holistic's request for injunctive relief is **GRANTED**. The Court will issue a permanent injunction by separate order in compliance with *MillerCoors LLC v. Anheuser-Busch Cos.*, 940 F.3d 922 (7th Cir. 2019) and Federal Rule of Civil Procedure 65(d).

Dated at Milwaukee, Wisconsin on January 10, 2024.

                                                            s/ *Brett H. Ludwig*
                                                           BRETT H. LUDWIG
                                                           United States District Judge